VIRGINIA M. McKENNEY *ET AL.*, PLAINTIFFS, v. BRENDAN BYRNE, GOVERNOR OF NEW JERSEY, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 4, 1976.

*Messrs. Schaff & Conley,* attorneys for plaintiffs (*Mr. Richard M. Conley,* appearing).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorneys for defendant (*Mr. Harry Haushalter,* Deputy Attorney General, appearing).

*Messrs. Dorsey and Fisher,* attorneys for defendant East Hanover Township (*Mr. John H. Dorsey* appearing).

*Messrs. Halpern, Schachter & Wohl,* attorneys for defendant Branchburg Township (*Mr. Stephen M. Offen,* appearing).

*Mr. Alan J. Karcher,* attorney for defendant Borough of Sayreville.

*Mr. Jerome Krueger,* attorney for defendant City of Linden.

*Messrs. Smith, Stratton Wise & Heher,* attorneys for defendant Township of Lower Alloways Creek (*Mr. Garrett M. Heher* appearing).

*Mr. Norman A. Doyle, Jr.,* attorney for defendant Town of Kearny.

*Mr. Wesley L. Lance,* attorney for defendant Lebanon Township.

*Mr. Archie Roth,* attorney for defendant Blairstown Township.

*Mr. Joseph R. Mariniello,* attorney for defendant Borough of Ridgefield.

*Messrs. Gebhardt & Kiefer,* attorneys for defendant Holland Township (*Mr. Richard Dieterly* appearing).

*Messrs. Russo & Courtney,* attorneys for Lacey Township (*Mr. Leonard W. Roeber* appearing).

*Mr. Arthur W. Burgess,* attorney for defendant Woodbridge Township (*Mr. Paul E. Strapp* appearing).

*Mr. Maurice Denbo,* attorney for defendant City of Burlington.

*Mr. Joel M. Ellis,* attorney for defendant Borough of Waldwick.

*Ms. Renee C. Ricciardelli,* attorney for defendant Hamilton Township.

*Messrs. Rosenblum and Rosenblum,* attorneys for defendant City of South Amboy (*Mr. Edward G. Rosenblum* appearing).

*Mr. William J. Cleary, Jr.* attorney for defendant City of Jersey City (*Mr. Stanley Kielbonicz* appearing).

*Mr. Joseph A. Maressa* attorney for defendant Winslow Township (*Mr. Ronald Sahli* appearing).

SCHOCH, A. J. S. C. This action was instituted by the filing of a complaint in lieu of prerogative writs by the individual plaintiffs who are taxpayers of the Borough of Roselle Park in Union County and the Township of Delaware in Hunterdon County. They have been joined by four municipalities, City of Trenton, Township of Lawrence, City of Salem and Borough of Woodbine as plaintiff-intervenors. The complaint challenges the constitutionality of the statutory apportionment of public utility gross receipts tax revenues to the municipalities of New Jersey. *N. J. S. A.* 54:30A–61.

Defendants are the Governor, the Treasurer, the Commissioner of the Department of Community Affairs and the Directors of the Divisions of Taxation and Local Government Services, all in their official capacities. These defendants have been joined as defendant-intervenors by 20 municipalities.[1]

Plaintiffs have filed a motion for summary judgment and defendants have filed cross-motions for summary judgment. There being no dispute as to any material fact, the matter is suitable for summary judgment. The factual background is simple: the individual taxpayers pay public utility companies for electric, gas and water service, which payments constitute part of the gross receipts of the companies upon which the State of New Jersey imposes a tax. *N. J. S. A.* 54:30A–49 to 67. The public utility gross receipts taxes are apportioned to the municipalities pursuant to a statutory formula, *N. J. S. A.* 54:30A–61, which apportionment is not made on the basis of the sale of services by the public utility companies to their customers but is based upon a stat-

---

[1]Holland Township, Sayreville, South Amboy, Burlington City, Jersey City, Kearny Town, Linden, Hamilton Township, East Hanover Township, Branchburg Township, Lower Alloways Creek Township, Lebanon Township, Blairstown Township, Ridgefield, Lacey Township, Woodbridge Township, Waldwick Borough, Winslow Township, Allendale and Teterboro.

utory value attributed to certain property located in each municipality. *N. J. S. A.* 54:30A-58.

As a result of the location of certain large public utility installations, manufacturing plants and generating stations, the municipalities in which those installations are located receive apportionments which are substantially larger than the apportionment to municipalities in which there is no major public utility installation. Plaintffs contend that the gross receipts subject to taxation pursuant to *N. J. S. A.* 54:30A-49 to 67 are derived from the sale of services by the public utility companies to their customers, but that the apportionment to municipalities of the taxes so collected are not made on the basis of such sale of services.

Plaintiffs challenge the constitutionality of *N. J. S. A.* 54:30A-61 on the theory that it violates three provisions of our *State Constitution,* namely Art. IV, § VII, par. 9 (6); Art. IV, § VII, par. 9 (13), and Art. I, par. 1; as well as the Equal Protection Clause of the *United States Constitution,* Amend. XIV.

The statute under attack reads as follows:

The balance of the excise taxes imposed by Section 6(b) of this act upon each taxpayer in the year 1940 and each year thereafter is hereby appointed to the various municipalities in the proportion that the apportionment value of the scheduled property of such taxpayer located in each municipality as of the preceding July 1 bears to the total apportionment value of the scheduled property of such taxpayer in this State as of that date. The State Tax Commissioner shall on or before June 1, 1941 and annually before June 1 in each year thereafter, compute the balance of such ·taxes and apportionment thereof in the manner herein provided.

This statute is the apportionment section of the Public Utility Gross Receipts Tax Law which sets forth the manner in which the monies collected under *N. J. S. A.* 54:30A-54(b) are to be apportioned. The constitutional attack is limited to § 61; the plaintiffs are not challenging the imposition of the tax, but solely the manner of apportionment.

The threshold issue in this case is whether the public. utility gross receipts tax imposed by § 54(b) is a direct·

tax on gross receipts, *i. e.*, an income tax, rather than a property tax or property tax substitute. Plaintiffs concede in their brief and argument that if this is a property tax or substitute for a property tax, then it would be reasonable for the Legislature to apportion the tax revenues to the municipalities where the public utility properties exist.

In beginning the analysis of this issue, a review of the historical background of this legislation is important. An accurate recitation of the antecedent legislation is contained in the case of *Camden v. State Bd. of Tax App.*, 122 *N. J. L.* 253, 256 (Sup. Ct. 1939). The orginal legislation was the Voorhees Act in *L.* 1900, *c.* 195, which set up what it called a franchise tax against all those persons or parties who had the right to use the street or other public places. "It was a license fee imposed as a condition upon which the enjoyment of special privileges in the streets was made to depend." By an amendment in *L.* 1919, *c.* 25, street railway and traction corporations and gas, electric light, heat and power corporations were subjected to an additional tax upon gross receipts *in lieu of all state, county, school and local taxation on personal property.* A further refinement of the legislation is found in *L.* 1938, *c.* 8, which now sets forth two sets of taxes computed upon gross receipts. The constitutionality of these laws was attacked in the *Camden* case and the companion case of *Hoboken v. Martin*, 122 *N. J. L.* 264 (Sup. Ct. 1939). In the latter case is found this language: "the taxes are not property taxes, but the proceeds of them are distributed upon property valuation and because of them the tax on property is eliminated." The lower court upheld the constitutionality of these statutes and these decisions were reversed in the case of *Hoboken v. Martin*, 123 *N. J. L.* 442 (E. & A. 1939). However, the reversal was on another point: the fact that no standard plan or rule had been established by the Legislature to govern the State Tax Commissioner in his determination of the valuation to be placed on the property of the various

utilities. As to the constitutionality of apportionment itself, the court had this to say

> The legislature may apportion and distribute this tax as it may see fit and determine, and, of course, that includes the fixing of a unit measure, but that must be upon a legislatively fixed and expressed plan or standard or measure of value.

In response to the decision in *Hoboken* the Legislature developed a schedule of values that became a section of *N. J. S.* 54:30A–49 *et seq.*, being § 10 of *L.* 1940, *c.* 5. This schedule of values, as amended, remains in force today (*N. J. S. A.* 54:30A–58) and establishes the basis for the apportionment delineated in *N. J. S. A.* 54:30A–61.

From the foregoing, it appears to this court that, at least historically, this section of the Gross Receipts Tax Act was intended to supplant and be a substitute for any personal property taxes which would otherwise be levied by the several municipalities involved.

The next step in resolving this issue is a review of the act itself along with applicable case law. The purpose of *N. J. S. A.* 54:30A–49 *et seq.* is set forth in this passage from § 49:

> The purpose of this act is to provide a complete scheme and method for the taxation of street railway, traction, sewerage, water, gas and electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places, to exempt from taxation other than imposed by this act the franchises, stock, and certain property of such corporations and for the taxation of the property of such corporations not so exempted from taxation; * * * [and] the apportionment of certain of such taxes among municipalities upon the fixed standards hereinafter set forth; * * *

From this language it is clear that it is the intent of the act to tax certain public utility property within the scope of the Act and that any exceptions from the Act, such as defined in § 52, are subject to the local property tax, *N. J. S. A.* 54:4–1 *et seq.* Thus, a "complete scheme and method" of taxing this class of corporations has been

established by the Legislature, and it is not unreasonable to conclude that the Legislature intended the gross receipts tax to be a substitute for local taxation on the portion of any utilities property which was not exempted under *N. J. S. A.* 54:30A–52. Referring to that statute, the court, in *Public Service Electric & Gas Co. v. Woodbridge Tp.,* 139 *N. J. Super.* 1 (App. Div. 1976), said this:

Distilled from this critical provision is the concept which renders locally taxable that real property not directly used in the production, transmission, or distribution of gas or electric energy. Conversely, real property so used and which therefore generates the gross receipts upon which the State levies the tax shared by the municipalities accommodating such utility, is exempt. [at 11]

The clear inference from that statement is that such property is exempt from local taxation and subject to the gross receipts tax, clearly a substitute for the local property tax.

Of further significance in determining the intent of the Legislature is the result of a comparison between Article II of *Title* 54 chapter 30A, and Article I. The latter article pertains to all persons, corporations, etc., other than those covered by Article II, which use or occupy streets, highways, etc., by virtue of a franchise. In Article I an excise tax is imposed which is "in lieu of any and all other tax or taxes upon the *franchise or franchises* of such taxpayer." Significantly, Article II exempts "from taxation other than imposed by this act the franchises, stock, and *certain property of such corporations* and for the taxation of the property of such corporations not so exempted from taxation * * *" (Emphasis added.) *N. J. S. A.* 54:30A–18 was amended by *L.* 1963, *c.* 41 and *N. J. S. A.* 54:30A–49 was amended by *L.* 1963, *c.* 42, the obvious inference being that these statutes were considered at the same time by the Legislature, thereby giving even greater significance to the difference in wording between the two statutes.

Plaintiffs' reliance on the case of *N. J. Bell Tel. Co. v. Tax Board,* 280 *U. S.* 338, 50 *S. Ct.* 111, 74 *L. Ed.* 463 (1930),

is misplaced. That case involves an interpretation of the Voorhees Act which imposed a franchise tax on users of public streets and was in no way interpreting what is now *N. J. S. A.* 54:30A–54(b).

For the foregoing reasons, this court finds the gross receipts tax levied under *N. J. S. A.* 54:30A–54(b) to be "a substitute for a property tax" or "in lieu of property taxes."

Plaintiffs contend that *N. J. S. A.* 54:30A–61 violates the New Jersey Constitution (1947) in that it is a special or local law relating to taxation, Art. IV, § 7, par. 9(6), or regulating the internal affairs of municipalities formed for local government, Art. IV, § 7, par. 9(13).

■ This argument must be rejected because the statute deals with apportionment — that is, distribution of tax revenues — and does not relate to taxation.

There are no restraints upon the disposition of such revenue, if made for a proper governmental purpose. It is not within the province of the appellant municipalities to assail the distribution of these taxes because not in consonance with their concept of fairness and equality. [*Jersey City v. Martin*, 126 *N. J. L.* 353, 360 (E. & A. 1941)]
While it is true that the funds appropriated must have their source in the revenues derived from the tax laws, they do not in themselves levy a tax or provide from any exemption from taxation. They constitute an appropriation or spending of money by the State rather than the taxation or gathering of money by the State. [*Glassboro v. Byrne*, 141 *N. J. Super.* 19, 24 (App. Div. 1976)]

As authority for the proposition that the statute is a special law relating to the internal affairs of a municipality or local government, plaintiff relies on two cases, neither of which is apposite. In *Jersey City v. Zink,* 133 *N. J. L.* 437 (E. & A. 1945), the issue involved was the distribution of interest which had accumulated on a tax debt. The principal and interest had been paid to the State and the principal then distributed to certain municipalities in accordance with the applicable statutes. The State Treasurer refused to distribute the interest in the same fashion and attempted to place those funds into the State Treasury as

general funds. The court held that such action was unconstitutional in that "the State may not arbitrarily take funds from one municipality and allot them to another, nor arbitrarily require a group of municipalities to contribute from their tax revenues to the support of the state government and absolve others from the same obligation, especially where the diverted funds are derived from assessments levied upon local properties." However, that reasoning does not apply to this case where the tax revenues from the business performed in the municipality are returned to that municipality.

Plaintiffs contend that this apportionment statute violates the Equal Protection Clauses of the New Jersey and the United States Constitutions in that it arbitrarily benefits the taxpayers in some municipalities and discriminates against those in other municipalities. In furtherance of this position, plaintiffs cite the disparity in the amount of funds received by some municipalities as against that received by others. However, this allocation of funds, disproportionate though it may be, is based on a standard of evaluation that bears a direct relationship to the value of the utility property in each municipality, and the same schedule of values applies to every municipality in the state. The purpose of the schedule of values is to secure a fair and equitable apportionment of the excise taxes upon a uniform basis among the several municipalities. *N. J. S. A.* 54:30A–58. The statute sets forth a rational method of returning tax revenues to the municipalities in the same proportion that these revenues were received from the several public utilities located in those municipalities.

In sum, the court finds that the tax under attack is in lieu of a property tax; the method of apportionment is a reasonable exercise of legislative function, and it is not violative of the several constitutional provisions alluded to by plaintiffs.

Consequently, the court finds that plaintiffs have not met the heavy burden of proof required of anyone challenging

the constitutionality of a statute. Plaintiffs' motion for summary judgment is denied; defendants' motion for summary judgment is granted.